IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MELANIE M. BROWN,**

        **Plaintiff,**

                                          **CIVIL ACTION**
v.                                         **Case No. 21-2122-SAC-TJJ**

**TITAN PROTECTION & CONSULTING,**

        **Defendant.**

## REPORT AND RECOMMENDATION

### NOTICE

Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

### REPORT AND PROPOSED FINDINGS

Pending before the Court is Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3). Plaintiff has applied for leave to file this action without payment of fees and costs and has submitted an affidavit of financial status in support thereof. She seeks a waiver of the civil action filing fee.

Under 28 U.S.C. § 1915(a)(1), the *in forma pauperis* statute, the court may "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, . . . without prepayment of

fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . that the person is unable to pay such fees or give security therefor."[1] The *in forma pauperis* statute "is intended to benefit those too poor to pay or give security for the costs of litigation."[2] "It prevents courts from denying a person the opportunity to commence, prosecute, or defend a civil or criminal action solely because his poverty makes it impossible to pay the costs of litigation."[3] Proceeding *in forma pauperis* in a civil case "is a privilege, not a right—fundamental or otherwise."[4] The decision to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the trial court.[5] In ruling on such applications, however, a court must not act arbitrarily or deny the application on erroneous grounds.[6] In construing the application and supporting financial affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.[7]

---

[1] 28 U.S.C. § 1915(a)(1). The statute applies to all persons applying for *in forma pauperis* status—not just prisoners. *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (citations omitted).

[2] *Zeller v. Astrue*, No. 08-4138-JAR, 2009 WL 902368, at *1 (D. Kan. Mar. 31, 2009) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

[3] *Id.* (citation omitted).

[4] *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (citation omitted).

[5] *Lister*, 408 F.3d at 1312.

[6] *Id.* at 1313 (citation omitted).

[7] *See, e.g., Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (adopting report and recommendation that motion be denied where plaintiff's net income outpaced his monthly expenses by more than $700); *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002) (denying motion where plaintiff reported marital combined net income of $2,000 and monthly expenses of $1,715); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000) (denying motion

Plaintiff's affidavit of financial status indicates that she is single with no dependents and currently employed, earning a monthly net income of $2,040. She doesn't own real property or an automobile, and her total cash on hand is $50. She has no source of income from other sources, but her monthly obligations total only $766. She does have a student loan with a balance due but reports no monthly payment on that loan. This leaves more than $1,200 in excess monthly income, which is adequate to pay the filing fee of $402 for this case. Based on this information, the Court finds that Plaintiff has sufficient financial resources to pay the filing fee.

The Tenth Circuit in *Lister v. Department of the Treasury*[8] has held that magistrate judges lack authority to deny a request to proceed without prepayment of fees; such ruling is considered dispositive. Under Fed. R. Civ. P. 72(b), a magistrate judge can only issue a report and recommendation for a decision by the district court.[9] The undersigned Magistrate Judge therefore submits to the District Judge the following recommendation regarding Plaintiff's motion.

## **RECOMMENDATION**

Based upon the above findings, it is hereby recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3) be DENIED. Plaintiff should be ordered to prepay the full filing fee within 30 days for this action to proceed and cautioned that failure to pay the filing fee by that time will result in the dismissal of this action without prejudice.

---

when the employed plaintiff's monthly income exceeded monthly expenses by about $600); *Buggs v. Riverside Hosp.*, No. 97-1088-WEB, 1997 WL 321289, at *2 (D. Kan. Apr. 9, 1997) (denying motion involving rough net monthly income of $1,500.00 and monthly expenses of $1,115).

[8] 408 F.3d at 1311–12.

[9] *Id.*

Respectfully submitted.

Dated in Kansas City, Kansas, this 19th day of March, 2021.

                                                                        _____
                                                                        Teresa J. James
                                                                        U. S. Magistrate Judge