IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MELANIE M. BROWN,**

        **Plaintiff,**

**v.**

**TITAN PROTECTION & CONSULTING,**

        **Defendant.**

CIVIL ACTION

Case No. 21-2122-SAC-TJJ

## ORDER

Plaintiff, proceeding *pro se*,[1] filed her Complaint asserting claims against Defendant for unlawful employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 4). Plaintiff requests that the Court appoint an attorney to represent her. For the reasons set forth below, Plaintiff's motion for the appointment of counsel is denied without prejudice.

While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no right to appointment of counsel.[2] For employment discrimination cases under Title VII of the Civil Rights Act of 1964, the court may appoint counsel "in such circumstances as the court may deem just."[3]

---

[1] Plaintiff has also moved to proceed *in forma pauperis*. That motion remains pending.

[2] *Lee v. Crouse*, 284 F. Supp. 541, 543-44 (D. Kan. 1967) ("There is no absolute right to appointment of counsel in either habeas corpus or civil rights actions.").

[3] 42 U.S.C. § 2000e-5(f)(1) states that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."

The Tenth Circuit has identified the following relevant factors for evaluating motions for the appointment of counsel in Title VII cases: "(1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel and (3) meritorious allegations of discrimination."[4] In addition, a fourth factor, "plaintiff's capacity to present the case without counsel" should be considered in close cases as an aid in exercising discretion.[5] The court must keep in mind that Congress has not provided any mechanism for compensating such appointed counsel, therefore "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time."[6]

With regard to the second factor, this Court requires non-incarcerated plaintiffs in civil cases to show they have made reasonably diligent efforts under the circumstances to obtain an attorney to represent them. The Court typically requires plaintiffs to confer with at least five attorneys regarding legal representation and to list those attorneys in the motion.

A review of Plaintiff's motion reveals that Plaintiff only consulted with one attorney by email and called two others (not receiving a response) before filing her motion.  The Court therefore finds that Plaintiff has not made an affirmative showing she made reasonable efforts or attempts to secure counsel prior to filing her motion for appointment of counsel. The Court will therefore deny her motion without prejudice. If Plaintiff contacts at least five attorneys and finds she is still unable to obtain legal representation, she may then file a renewed motion seeking

---

[4] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

[5] *Id.*

[6] *Id*.

appointment of counsel. The renewed motion shall identify the particular attorneys whom she has contacted.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is denied without prejudice.

Dated in Kansas City, Kansas, on this 19th day of March 2021.

_____
Teresa J. James
U. S. Magistrate Judge