IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELANIE M. BROWN,

    Plaintiff,

 vs.              Case No. 21-2122-SAC-TJJT

TITAN PROTECTION
& CONSULTING

    Defendant.

MEMORANDUM AND ORDER

  The *pro se* plaintiff Melanie Brown has filed a completed employment discrimination complaint form checking the boxes for Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") discrimination and for Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.* ("ADEA"). ECF# 1, p. 1. She alleges therein that her former employer, Titan Protection & Consulting, Inc. ("Titan"), terminated and retaliated against her on August 16, 2019, because of her race, sex, and age. ECF# 1, p. 3. Ms. Brown limits her factual allegations to the following two sentences: "The defendant advise myself to come into the office on my day off and we had a conference meeting about questions resulting to my unemployment. I, then responded with, no I have not filed unemployment, but I did with a different employer other than, Titan Protection & Consulting." ECF# 1, p. 4. To her complaint, she attaches the following exhibits: her administrative agency complaint filed with the Kansas Human Rights Commission ("KHRC"), the Equal Employment Opportunity Commission's ("EEOC's") dismissal of her charge and adoption of the state agency's investigative findings, and Brown's three earning

statements from the defendant Titan for periods from June 1, 2019, through July 15, 2019. ECF# 1-1.

In her administrative charges, Ms. Brown alleges she is 58-years old and an African American woman who was employed at Titan from June 3, 2019, until her termination on August 16, 2019. She alleges she was "terminated due to" her race, sex, age, and in retaliation for opposing acts and practices forbidden by the Kansas discrimination laws. Her attached exhibits add no factual allegations supporting her conclusions of unlawful termination and retaliation.

On June 3, 2021, Titan filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state facts sufficient to support a discrimination claim and for failing to allege exhaustion of administrative remedies. ECF# 9. As required by D. Kan. Rule 7.1(a), Titan filed a memorandum in support of its motion. ECF# 10. Ms. Brown's response to this motion must be filed within 21 days of the motion's filing, or June 24, 2021. See D. Kan. Rule 6.1(d)(2). The court calls Ms. Brown's attention to the following provision also within the court's rules. "If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." D. Kan. Rule 7.4(b).

Also on June 3, 2021, Ms. Brown filed a single-page handwritten document titled, "Motion for Summary Judgment," that consists of the following sentences:

> Rule 56 of the Federal Rules of Civil Procedure governs summary judgment for federal courts. For plaintiff. There is no genuine dispute as to any material fact and the movant is entitled to judgment by the court, due to the witnesses in

>   this lawsuit. There is no dispute of the findings of the government agency, underscoring that I was discriminated by their employee Jamie L. Stevenson.

ECF# 11. Ms. Brown's motion violates D. Kan. Rule 7.4(a) as it is "not accompanied by a . . . brief or memorandum" as required by D. Kan Rule 56.1. Consequently, the court will enforce D. Kan. Rule 7.4(a) and summarily deny the plaintiff's motion for summary judgment. Under Fed. R. Civ. P. 56(a), a party may move for summary judgment by "identifying each claim … on which summary judgment is sought" and showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quotation marks and citation omitted). Thus, the moving party must first give the court "the basis for" the motion and identify those parts of the pleadings, depositions, interrogatory answers, admissions, affidavits, and other discovery and exhibits that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir.), *cert. denied*, 537 U.S. 816 (2002). Courts of the Tenth Circuit have "repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants" or suffer the same consequences. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quotation marks and citations omitted). Because the plaintiff's motion completely fails to comply with the most basic rules and procedures for summary judgment motions, the court summarily denies it.

IT IS THEREFORE ORDERED that the plaintiff's motion for summary judgment (ECF# 11) is summarily denied pursuant to D. Kan. Rule 7.4(a) and for failing to comply with the basic rules and procedures for summary judgment motions;

IT IS FURTHER ORDERED that the plaintiff is reminded that her response to Titan's motion to dismiss (ECF# 9) is due June 24, 2021, as required by D. Kan. Rule 6.1(d)(2), and that her failure to file a timely responsive memorandum will result in the court deciding Titan's motion as an uncontested motion pursuant to D. Kan. Rule 7.4(b).

Dated this 8th day of June, 2021, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge