United States District Court
For the District of Kansas

Melanie M Brown

Case No. 21-2122-SAC-TJ

Plaintiff

vs.

Titan Protection & Consulting
and including Jamie L Stevenson

Defendant

Response to Defendant Motion to Dismiss

On August 16th, 2019, Plaintiff was terminated by Jamie L. Stevenson, PHR, Director-HR and Business Administration. Jamie L Stevenson has a duty to follow applicable guidelines in terminating employees. Jamie L Stevenson refused to follow rules in her position and terminated based on saying plaintiff Melanie M Brown filed for unemployment through Defendant. No unemployment was filed through Defendant, but only through previous employer Allied protection security. During the process of unemployment with Allied No unemployment was received with Allied Protection security. Jamie L. Stevenson did not treat me equally and fairly in the decision in termination and was wrongfully terminated. The law makes it illegal for an employer to make any employment decision because of a person's race, color, age, or etc.

Jamie L Stevenson retaliated because of a previous employer that was filed through Kansas Dept of Labor. Jamie L Stevenson refused to see documents as proof of the Kansas Dept of Labor information. Jamie L Stevenson was suppose to protect my job and Jamie L Stevenson did not protect my job or rights. Plaintiff voiced concerns about the issue and Jamie L Stevenson refused to acknowledge my concerns. All documents associated on the case has been attached to the file and the Defendants failed to answer the issues concerning the case. Jamie L Stevenson has a responsibility in her position in integrity and honesty and sent an email to Jeffrey Griffin-Smith stating that "Plaintiff was terminated due to the DOL Examiner's determination dated 8/16/19" stating that she provided false documentation with the purpose of unlawfully obtaining unemployment insurance benefits. Plaintiff did not unlawfully obtain Unemployment insurance benefits or provide false documentation as this is vague and Defendant investigated after termination on August 22nd 2019 asking more information on the claim. Defendant received response from Jeffrey Griffin-Smith stating no unemployment benefits was received by the Plaintiff. Defendant reasoning on termination is vague as to the question asked to KDOL. Defendant ended the job on August 16th, 2019 and was a wrongful termination.

Plaintiff meet qualifications to perform the position as hired with Defendant. Plaintiff performance was satisfactory and worked overtime when needed by the Defendant. A meeting was held without getting paid and no phone call was called to discuss about the prior unemployment with another company. Plaintiff worked 83 hours for Defendant during a two-week period. There was no lack of work performance or misconduct. The prior unemployment with another company has no involvement with the Defendant in getting terminated. The termination should not have taken place and the Defendant did not follow the policies that was informed to employees that the Defendant expects integrity and honesty. See attached Exhibit from KDOL 1, 2, and 3.

Respectfully submitted by,
Melanie M. Brown
Melanie M. Brown 06-14-21
2201 E. Cedar Street
Olathe, KS 66062