## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MELANIE M. BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:  2:21-CV-02122-SAC** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TITAN PROTECTION & CONSULTING,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPLY BRIEF IN SUPPORT OF DEFENDANT TITAN PROTECTION & CONSULTING'S MOTION TO DISMISS

COMES NOW Defendant Titan Protection & Consulting, by and through undersigned counsel, and pursuant to D. Kan. Rules 7.1(c) and 7.6(a), submits the following Reply Brief in Support of its Motion to Dismiss.

### I.      NATURE OF THE MATTER BEFORE THE COURT

Plaintiff filed a *pro se* employment discrimination complaint ("Complaint"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.* ("ADEA"). ECF# 1, p. 1.  The Complaint alleges Defendant terminated and retaliated against her because of her race, sex, and age.  ECF# 1, p. 3.  Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant filed the instant Motion to Dismiss for failing to state facts sufficient to support a discrimination claim and for failing to allege exhaustion of administrative remedies.  ECF# 9.  Plaintiff's Response to Defendant's Motion to Dismiss ("Response") is insufficient to save the Complaint from dismissal.

## II.     BACKGROUND FACTS

Defendant discharged Plaintiff on August 16, 2019.  ECF# 1-1, p. 3.  Sometime prior to Plaintiff's discharge, she had filed for unemployment benefits with the Kansas Department of Labor ("KDOL").  ECF# 1, pp. 2, 4.  On September 17, 2019, Plaintiff submitted a Dual-Filed charge with the Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC").  ECF# 1-1, pp. 2-4.  After the administrative charges were dismissed on December 21, 2020, Plaintiff filed the Complaint against Defendant on March 11, 2021.  ECF# 1.  To the Complaint, Plaintiff attaches the KHRC administrative charge, the EEOC Notice of Right-to-Sue Letter adopting KHRC's investigative findings and informing Plaintiff of dismissal of her charge, and three earnings statements from Plaintiff's employment with Defendant.  ECF# 1-1.

Defendant filed its Motion to Dismiss on June 3, 2021.  ECF# 9.  On June 14, 2021, Plaintiff filed the Response.  ECF# 15, p. 1.  To the Response, Plaintiff attaches copies of two correspondence records: (1) a faxed letter from KDOL to Defendant, dated August 20, 2019; and (2) two email messages between Defendant and KDOL, both dated August 22, 2019.  ECF# 14-1.

## III.     QUESTION PRESENTED

Does Plaintiff's Complaint plead sufficient facts to state a plausible claim under Title VII or the ADEA by giving Defendant adequate notice of the specific conduct giving rise to her claims?

## IV.     LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Walker v. Mohiuddin*, 947 F.3d 1244, 1248–49 (10th Cir. 2020).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* "[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Moore v. Univ. of Kansas*, 124 F. Supp. 3d 1159, 1162 (D. Kan. 2015) (citing *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)).

"Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007)). But the pleading requirements of Fed. R. Civ. P. 8(a) are not satisfied by a complaint that offers labels and conclusions, a formulaic recitation of the elements, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557). "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (quotations and citations omitted).

"In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference . . . if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted). "A court liberally construes a *pro se* complaint and applies 'less stringent standards than formal pleadings drafted by lawyers.'" *Clark v. Lynch*, 213 F. Supp. 3d 1347, 1349 (D. Kan. 2016) (quoting *Erickson*, 551 U.S. at 94). However, a *pro se* plaintiff is not relieved of "the burden of alleging sufficient facts on which a legal claim could be based." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## V.   <u>ARGUMENT AND AUTHORITIES</u>

As Defendant's Memorandum in Support of its Motion to Dismiss sets forth, the factual allegations in the Complaint are insufficient to provide Defendant notice of the grounds for Plaintiff's discrimination and retaliation claims.  And as the Court has noted, the accompanying exhibits "add no factual allegations supporting her conclusions of unlawful termination and retaliation."  ECF# 12, p. 2.  To the extent the Response illuminates Plaintiff's allegations, it also confirms that the factual content pleaded by Plaintiff does not allow the Court to draw a reasonable inference that Defendant is liable for discrimination or retaliation.

**A.   Even when the material in the Response is considered, Plaintiff has failed to assert sufficient factual allegations to support discrimination or retaliation claims in violation of Title VII and the ADEA.**

Although only the complaint and material referenced therein should be considered for the purposes of Fed. R. Civ. P. 12(b)(6), courts may choose to consider allegations in a *pro se* plaintiff's response that amplify and are consistent with allegations in the complaint.  *See Peoples v. Wichita State Univ.*, 18-1010-JWB, 2018 WL 5013488, at *2 (D. Kan. Oct. 16, 2018) (noting the liberal pleading standards of Fed. R. Civ. P. 15(a) would likely allow the *pro se* Plaintiff to add the response's allegations to the complaint by amendment); *see also Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001).  However, the allegations in the Response do not amplify the allegations in the Complaint because the two are largely duplicative.

The Response repeats Plaintiff's account of meeting with Defendant on a date when she was not scheduled to be working.  ECF# 15, p. 3.  Likewise, the Response restates Plaintiff's description of why she believes Defendant terminated her employment: "Jamie L. Stevenson refused to follow rules in her position and terminated based on saying plaintiff Melanie M. Brown filed for unemployment through Defendant. No unemployment was filed through Defendant, but

only through previous employer, Allied Protection Security." ECF# 15, p. 1.  Including the names of others referenced in the Complaint adds nothing substantively to Plaintiff's conclusory allegations.  Plaintiff already states in her KHRC complaint: "I hereby charge [Defendant] and its Representatives with a violation of the Kansas Act Against Discrimination and the Kansas Age Discrimination in Employment Act . . .[.]" ECF# 1-1, p. 3.

"It should be noted the Tenth Circuit precludes discrimination claims filed under Title VII, the ADA, or the ADEA against an individual in his or her personal capacity." *Perrigo v. Unified Sch. Dist. No. 500*, 2:13-2363-EFM-DJW, 2014 WL 1767184, at *3, n.3 (D. Kan. May 2, 2014) (citing *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir.1999) (finding no discernible difference in the definition of "employer" under Title VII, the ADA, or the ADEA and citing with approval cases from other circuits which have held that individual capacity cases are also not appropriate under the ADEA)).  Moreover, the Response does not distinguish between Ms. Stevenson's actions and Defendant's.  Ms. Stevenson is introduced as Defendant's Director of Human Resources and the representative who terminated Plaintiff.  ECF# 15, p. 1.  The Response also refers to the email exchange between Ms. Stevenson and KDOL as part of Defendant's investigation.  ECF# 15, p. 3.  Although it does not appear Plaintiff has alleged any claims against Ms. Stevenson in her individual capacity, any such claims under Title VII or the ADEA would be superfluous and redundant of Plaintiff's claims against Defendant.  *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) ("[P]ersonal capacity suits against individual supervisors are inappropriate under Title VII."); *see also Gallardo v. Bd. of County Com'rs*, 94-4064-SAC, 1995 WL 106366, at *2 (D. Kan. Jan. 11, 1995).

Instead of amplifying Plaintiff's claims, the Response includes more conclusory allegations to supplant the deficiencies of the Complaint.  *See Wanjiku v. Johnson Cty.*, 173 F.

Supp. 3d 1217, 1235, n.8 (D. Kan. 2016) (considering facts alleged in a *pro se* response where they "merely amplify the allegations of the Complaint ... [and] do not supplant or contradict them"). Assuming, *arguendo*, the Court considers the Response allegations, Plaintiff has still not stated a claim for discrimination or retaliation that is plausible on its face.

### i.    Discrimination.

"The critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred 'under circumstances which give rise to an inference of unlawful discrimination.'" *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1227 (10th Cir. 2000) (quoting *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981)). Although the record includes no "closeout letter" or final determination from the KHRC, the EEOC adopted the KHRC findings and dismissed Plaintiff's charge against Defendant for discrimination and retaliation. ECF# 1-1, p. 4. The Response adds an allegation that Ms. Stevenson did not treat Plaintiff "equally and fairly in the decision in termination and was wrongfully terminated." ECF# 15, p. 1. However, the Response includes no factual allegations of how the circumstances surrounding Plaintiff's termination show disparate treatment. Merely reciting elements of a discrimination claim with labels and conclusions does not provide Defendant with sufficient notice of what discrimination Plaintiff is alleging. *See Ashcroft*, 556 U.S. at 678.

The Response also states Plaintiff's performance was satisfactory, that she worked overtime when needed, that she exhibited no misconduct, and that she "meets qualifications to perform the position as hired with Defendant." ECF# 15, p. 3. Accepting these allegations as true would initially support Plaintiff's qualification for her security guard position. But the Response reveals a disqualifying factor: that Plaintiff was terminated after Defendant learned of her prior attempt to fraudulently obtain unemployment benefits from the KDOL.

Specifically, the Response references an email from Ms. Stevenson to the KDOL, "stating that Plaintiff was terminated due to the DOL examiner's determination dated 8/16/19 'stating that she provided false documentation with the purpose of unlawfully obtaining unemployment insurance benefits.'" ECF# 15, p. 2.  The Response also acknowledges that employees were informed "that Defendant expects integrity and honesty." ECF# 15, p. 3.  Ultimately, Plaintiff denies providing false documentation or unlawfully obtaining unemployment insurance benefits. ECF# 15, p. 2.  Whether Plaintiff succeeded in her attempt at fraud is not material, and neither is which employer Plaintiff listed in her fraudulent application for unemployment.  Not only is attempted fraud inconsistent with Defendant's expectations of its employees, but such conduct is especially concerning because Plaintiff was employed as a security guard.  ECF# 1-1, p. 2-3.

Altogether, the allegations included in the Response fail to raise an inference that Plaintiff's race, sex, or gender may have been a determining factor in any of Defendant's employment decisions relating to her.  *See Hamilton v. Boise Cascade Exp.*, 280 Fed. Appx. 729, 733–34 (10th Cir. 2008) (affirming summary judgment of discrimination claims under Title VII, where overwhelming evidence showed that the plaintiff was terminated based on time-card fraud).  Accordingly, Plaintiff's claims of discrimination in violation of Title VII and the ADEA fail to state a claim upon which relief can be granted, and must be dismissed.

### ii.   Retaliation.

The Response also appears to allege Defendant retaliated against Plaintiff because she filed for unemployment benefits under a previous employer, and that Defendant did not acknowledge Plaintiff when she voiced her concerns.  ECF# 15, p. 2.  As stated, the EEOC adopted the KHRC findings and dismissed Plaintiff's charge against Defendant, which includes retaliation claims based on unidentified opposition to unspecified discriminatory acts.  ECF# 1-1, p. 4.

Moreover, attempting to fraudulently obtain unemployment benefits cannot be considered a protected activity under either Title VII or the ADEA.  A prerequisite of a retaliation claim is that the conduct retaliated against be protected conduct.  *Mackley v. TW Telecom Holdings, Inc.*, 12-2774-SAC, 2013 WL 1502034, at *2 (D. Kan. Apr. 10, 2013).  As a result, Plaintiff could not have "engaged in protected opposition to discrimination" by protesting her termination to Defendant.  *See Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1202 (10th Cir. 2008) (articulating the requirements of a prima facie case of retaliation).

The Response thus fails to allege that Plaintiff opposed practices by Defendant which violate Title VII or the ADEA.  Without more, it cannot be said that Defendant has been provided notice of the factual basis for Plaintiff's retaliation claims, so the claims must be dismissed.  *See Martin v. Patrick Industries, Inc.*, 478 F. Supp. 2d 855, 856 (M.D.N.C. 2007) (granting summary judgment on retaliation claims because attempted fraud was "a legitimate reason" for an employee's discharge, and thus not a pretext for retaliation).

**B.    Dismissal with prejudice is appropriate because allowing amendment of the Complaint is futile when it is impossible to state a claim of discrimination or retaliation in violation of Title VII and the ADEA.**

Neither party has presented any matter that is not referenced in the Complaint and its exhibits, so the Court need not convert Defendant's Motion to Dismiss into a motion for summary judgment.  *See Prager v. LaFaver*, 180 F.3d 1185, 1188-89 (10th Cir. 1999).  "[A] district court may review mere argument contained in a memorandum in opposition to dismiss without converting the Rule 12(b)(6) motion into a motion for summary judgment."  *County of Santa Fe, N.M. v. Pub. Serv. Co. of New Mexico*, 311 F.3d 1031, 1035 (10th Cir. 2002) (quotations and citations omitted).  Most importantly, Plaintiff's Response states, "All documents associated on the case has been attached to the file[.]"  ECF# 15, p. 2.  Therefore, the Court can order a final

resolution of Plaintiff's claims without looking to materials beyond the Complaint, the Response, and the administrative documents referenced therein.

"A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006); *see also McNamara v. Brauchler*, 570 Fed. Appx. 741, 742 (10th Cir. 2014) (affirming dismissal of complaint with prejudice for failure "to provide notice of the plaintiff's causes of action as required by Rule 8"). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

The Court previously advised Plaintiff to respond to Defendant's Motion to Dismiss, which in turn served to notify Plaintiff of the appropriate criteria to avoid dismissal. ECF# 12, p. 2. Indeed, the Response appears to respond directly to the authority cited in Defendant's Motion to Dismiss, albeit with more conclusory allegations. ECF# 15, p. 3 ("Plaintiff meet qualifications to perform the position as hired with Defendant. Plaintiff performance was satisfactory . . ."). But between the Complaint and the Response, Plaintiff has not stated sufficient factual matter that would permit the Court to find any of her claims under Title VII or the ADEA plausible on its face. *See Mackley v. TW Telecom Holdings, Inc.*, 12-2774-SAC, 2013 WL 1502034, at *4 (D. Kan. Apr. 10, 2013); *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (finding conclusory allegations of fact or law are not entitled to an assumption of truth and, in the context of an employment discrimination case, "general assertions of discrimination and retaliation, without any details whatsoever of events ... are insufficient to survive a motion to dismiss").

Defendant recognizes that "Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice." *Brin v. Kansas*, 101

F. Supp. 2d 1343, 1347 (D. Kan. 2000) (citing *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989)).   However, the Complaint may be dismissed with prejudice because Plaintiff has failed to cure deficiencies in the Complaint with the Response, despite providing all documents pertinent to the case and using the Response as an opportunity to amend the "check-the-box" form Complaint.   Accordingly, any future opportunities to amend the Complaint would be futile because if the Complaint is amended and filed again, it could not withstand a motion to dismiss for failing to state a claim.   Particularly where Plaintiff is not proceeding *in forma pauperis,* dismissal with prejudice is appropriate to minimize the expenditure of time and money by the Court and the parties.

Even with the liberal construction applied to *pro se* pleadings, and even when Plaintiff's well-pleaded factual allegations are assumed to be true, there is insufficient support for Plaintiff's claims that she was discharged because of her race, sex, or age, or retaliated against for some protected conduct.   Neither the Complaint nor the Response allege a plausible claim, and it would be futile to provide Plaintiff with another opportunity to amend her claims.   Therefore, granting Defendant's Motion to Dismiss with prejudice is appropriate.

## VII.   CONCLUSION

Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted.   Plaintiff's Complaint does not give Defendant adequate notice of the specific discriminatory conduct giving rise to her claims by failing to plead sufficient factual allegations to support plausible claims of discrimination and retaliation under Title VII or the ADEA, and dismissing the Complaint without prejudice is futile.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Court dismiss with prejudice all claims in Plaintiff's Complaint against Defendant for failure to state a claim upon which relief can be granted, and for any other relief the Court deems just and proper.

Respectfully submitted,

FRANKE SCHULTZ & MULLEN, P.C.

*/s/ Joseph L. Korbel*
JOHN G. SCHULTZ            #22871
JOSEPH L. KORBEL            #29004
8900 Ward Parkway
Kansas City, MO  64114
(816) 421-7100 Phone
(816) 421-7915 Fax
jschultz@fsmlawfirm.com
jkorbel@fsmlawfirm.com
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed via the court's electronic filing system, and a copy was also sent via certified mail on this 24th day of June, 2021, to:

Melanie Brown
2201 E. Cedar Street
Olathe, KS 66062
(913) 820-0662
**Plaintiff Pro Se**

*/s/ Joseph L. Korbel*
**Attorney for Defendant**

11