IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELANIE M. BROWN,

   Plaintiff,

 vs.              Case No. 21-2122-SAC-TJJ

TITAN PROTECTION
& CONSULTING

   Defendant.

MEMORANDUM AND ORDER

   Melanie Brown has filed a pro se employment discrimination complaint form, and she has checked the boxes for Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") discrimination and for Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.* ("ADEA"). ECF# 1, p. 1. As completed, the complaint alleges the discrimination occurred on August 16, 2019, when her employer, Titan Protection & Consulting, Inc. ("Titan"), terminated and retaliated against her, because of her African-American race, her female gender, and her undisclosed age. ECF# 1, p. 3. In support, the complaint alleges only these two sentences: "The defendant advise myself (sic) to come into the office on my day off and we had a conference meeting about questions resulting to my unemployment. I, then responded with, no I have not filed unemployment, but I did with a different employer other than, Titan Protection & Consulting." ECF# 1, p. 4. Attached to the complaint are Brown's administrative agency complaint filed with the Kansas Human Rights Commission ("KHRC"), the Equal Employment Opportunity Commission's ("EEOC's") dismissal of her charge and adoption of the state agency's investigative

findings, and Brown's three earning statements from the defendant Titan for periods from June 1, 2019, through July 15, 2019. ECF# 1-1.

Ms. Brown alleges in her attached administrative agency complaint that she is 58-years old and an African American woman who was employed as a security guard at Titan from June 3, 2019, until her termination on August 16, 2019. She charges in her complaint that she was "terminated due to" her race, sex, age, and in retaliation for opposing acts and practices forbidden by the Kansas discrimination laws. There are no additional facts alleged in these exhibits to support her conclusory allegations of unlawful termination and retaliation.

On June 3, 2021, Titan filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state facts sufficient to support an employment discrimination/retaliation claim and for failing to allege exhaustion of administrative remedies. ECF# 9. Ms. Brown has timely responded to the motion. ECF## 14 and 14-1. Titan also has filed its memorandum in reply. ECF# 17. Most recently, the plaintiff filed what has been docketed as a supplemental response. ECF# 18. The court considers the matter fully briefed and ready for decision.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has explained that this Rule "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Thus, a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not

2

do." *Id*. For that matter, a complaint is insufficient if it only "tenders naked assertions devoid of further factual enhancement." *Id*.

To survive Titan's motion to dismiss, the plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). Facial plausibility comes from pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. On a Rule 12(b)(6) motion to dismiss, the complaint's factual allegations, but not its legal conclusions, are assumed true. *Id*. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, "{t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[A] plaintiff armed with nothing more than conclusions" is not entitled to discovery. *Id*. at 678-79. In considering a motion to dismiss, the court also reviews any exhibits attached to and incorporated by the complaint. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Titan argues the plaintiff's complaint is too bare to meet the pleading standards of Rule 8(a) and to allege exhaustion of administrative remedies on any discriminatory or retaliatory ground. Titan certainly has cause for advancing its affirmative defense of exhaustion against Brown's generic administrative charges which lack any factual support and content. *See, e.g.*, *Manning v. Blue Cross and Blue Shield of Kansas City*, No. 11-2010-SAC, 2012 WL 2449843, at *2 (D. Kan. June 26, 2012), *aff'd*, 522 Fed. Appx. 438 (10th Cir. 2013) (unpublished). Nonetheless, the court will focus its attention on the sufficiency of the complaint and Rule 12(b)(6). Titan's reply similarly limited its focus to this question.

As the court noted in its prior order, the plaintiff's complaint and attachments offer no details about her termination from which to infer discrimination or retaliation. Not only the defendant's motion but the court's order should have informed the plaintiff that her complaint lacked sufficient factual detail to state a claim. Given the plaintiff's *pro se* status and her apparent attempt in her response to allege more facts consistent with the termination claim found in her complaint, the court will follow the generous practice used in this circuit. In deciding the motion, the court will consider the plaintiff's factual allegations in her response. *Peoples v. Wichita State University*, No. 18-1010-JWB, 2018 WL 5013488, at *2 (D. Kan. Oct. 16, 2018); *see also Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001) (citations omitted) ("it might be appropriate for a court to consider additional facts or legal theories asserted in a response brief to a motion to dismiss if they were consistent with the facts and theories advanced in the complaint, [but] a court may not consider allegations or theories that are inconsistent with those pleaded in the complaint").

4

The plaintiff's response adds the following allegations:

On August 16th, 2019, Plaintiff was terminated by Jamie L. Stevenson PHR/Director-HR and Business Administration. Jamie L. Stevenson has a duty to follow applicable guidelines in terminating employees. Jamie L. Stevenson refused to follow rules in her position and terminated based on saying plaintiff Melanie M. Brown filed for unemployment through Defendant. No unemployment was filed through Defendant, but only through previous employer Allied Protection Security. During the process of unemployment with Allied no unemployment was received with Allied Protection Security. Jamie L. Stevenson did not treat me equally and fairly in the decision in termination and was wrongfully terminated. The law makes it illegal for an employer to make any employment decision because of a person's race, color, age, or etc.

Jamie L. Stevenson retaliated because of a previous employer that was filed through Kansas Dept of Labor. Jamie L. Stevenson refused to see documents as proof of the Kansas Dept of Labor information. Jamie L. Stevenson was suppose to protect my job and Jamie L. Stevenson did not protect my job or rights. Plaintiff voiced concerns about the issue and Jamie L. Stevenson refused to acknowledge my concerns. All documents associated on the case has been attached to the file and the Defendants failed to answer the issue concerning the case. Jamie L. Stevenson has a responsibility in her position in integrity and honesty and sent an email to Jeffrey Griffin-Smith stating plaintiff was terminated due to the DOL examiner's determination dated 8/6/19 stating that she provided false documentation with the purpose of unlawfully obtaining unemployment insurance benefits. Plaintiff did not unlawfully obtain unemployment insurance benefits or provide false documentation as this is vague and Defendant investigated after termination on August 22nd, 2019 asking more information on the claim. Defendant received response from Jeffrey Griffin-Smith stating no unemployment benefits was received by the plaintiff. Defendant reasoning on termination is vague as to the question asked to KDOL. Defendant ended the job on August 16th, 2019, and was a wrongful termination.

Plaintiff met qualifications to perform the position as hired with Defendant. Plaintiff performance was satisfactory and worked overtime when needed by the Defendant. A meeting was held without getting paid and no phone call was called to discuss about the prior unemployment with another company. Plaintiff worked 83 hours for Defendant during a two-week period. There was no lack of work performance or misconduct. The prior unemployment with another company has no involvement with the Defendant in getting terminated. The termination should not have taken place and the Defendant did not follow the policies that was informed to employees that the Defendant expects integrity and honesty. See attached exhibit from KDOL 1, 2, and 3.

ECF# 14-2, pp. 1-3. The plaintiff's attached exhibits consist of the following copies. A letter from Jeffrey Griffin-Smith, Chief of Integrity with the Kansas Department of Labor, stating that as requested by the plaintiff, he was informing Titan "that she did not actually receive any payment of unemployment benefits while employed by your company." ECF# 14-1, p. 4. This letter was apparently faxed to Titan on August 20, 2019, or four days after the plaintiff's termination on August 16, 2019. The next exhibit is copies of two emails. The first email apparently was sent by Ms. Stevenson on August 22, 2019, at 12:14 pm to Mr. Griffin-Smith stating:

> Hello Mr. Smith,
> I appreciate the update. Melanie Brown's employment was terminated due to the DOL examiner's determination dated 8/6/19 stating that she provided false documentation with the purpose of unlawfully obtaining unemployment insurance benefits. The decision to terminate was not based on whether or not she received actual unemployment compensation.
> Do you have any additional information regarding her claim that I should consider? Has she filed an appeal regarding this decision? Any additional insight would be appreciated.

ECF# 14-1, p. 2. The second email is Mr. Griffin-Smith's reply apparently sent an hour later:

> Hi Ms. Stevenson,
> I don't have any other information regarding her claim, no. Thank you for the response and let me know if you need anything else from me. Have a great afternoon.

ECF# 14-1, p. 2. The court also has read the plaintiff's supplemental response which only reiterates that, "[o]n August 16, 2019, I had nothing against Titan Protection & Consulting, but apparently Jamie L. Stevenson had something against me, steadily accusing me [and] wrongfully saying that I had taken unemployment benefits." ECF# 18, p. 2.

Rule 12(b)(6) does not create a prima facie case pleading requirement, but the court may look to those elements in determining plausibility. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). The plaintiff's complaint does not allege a direct-evidence violation and so the following elements to a prima facie case of disparate treatment discrimination may be helpful in determining plausibility, that she is: (1) a member of a protected class, (2) who suffered an adverse employment action, (3) who was qualified for the position at issue, and (3) who was treated less favorably than others not in the protected class. *See Khalik*, 671 F.3d at 1192. The Tenth Circuit recently summarized what suffices for pleading a discrimination claim:

> A complaint raising a claim of discrimination does not need to conclusively establish a prima facie case of discrimination, but it must contain more than "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Khalik*, 671 F.3d at 1193 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). "While we do not mandate the pleading of any specific facts in particular," a plaintiff must include enough context and detail to link the allegedly adverse employment action to a discriminatory or retaliatory motive with something besides "sheer speculation." *Id*. at 1194. "[A] plaintiff should have"—and must plead—"at least some relevant information to make the claims plausible on their face." *Id*. at 1193. Thus, it is insufficient for a plaintiff to allege, for instance, that she did not receive an employment benefit that "similarly situated" employees received. *Hwang v. Kan. State Univ.*, 753 F.3d 1159, 1164 (10th Cir. 2014). A plaintiff's assertion that she is "similarly situated" to other employees is "just a legal conclusion—and a legal conclusion is never enough." *Id*. Rather, a plaintiff must allege "some set of facts"—not just legal conclusions—"that taken together plausibly suggest differential treatment of similarly situated employees." *Id*. "Pleadings that do not allow for at least a reasonable inference of the legally relevant facts are insufficient." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013) (internal quotation marks omitted).

*Bekkem v. Wilkie*, 915 F.3d 1258, 1274–75 (10th Cir. 2019).

The court agrees with Titan that Ms. Brown's allegations, including those quoted from her responses, fail to state a plausible claim of discrimination or

7

retaliation. There are no factual allegations supporting Ms. Brown's conclusion that her termination was unequal or unfair or that she was treated disparately as to give rise to a plausible inference of unlawful discrimination or retaliation. Instead, the plaintiff's additional allegations now show Titan to have relied on the plaintiff's filing of false documents with the DOL to justify her termination, because this act of dishonesty disqualified her from being a security guard. The plaintiff attaches the defendant's email which discloses that the plaintiff was terminated, because a DOL examiner had determined on August 6, 2019, the plaintiff submitted false documents in support of her application for unemployment insurance benefits. In that same email, Ms. Stevenson asked the DOL for any additional information about the plaintiff's unemployment claim that should be considered besides the examiner's written decision. The DOL responded that there was no additional information.

While the plaintiff now denies submitting false documents, she alleges no circumstances which would support an inference that Titan necessarily knew the DOL examiner's finding was wrong or acted unreasonably in relying on it to terminate her. There are no additional facts alleged showing differential treatment of similarly situated employees or other circumstances as to give rise to an inference of an unlawful motive. The pleadings are devoid of anything to suggest that Titan wrongly used the DOL examiner's finding to terminate her or to cover up any discriminatory or retaliatory motive. The plaintiff's complaint offers nothing more than legal conclusions that discrimination was behind Titan's employment decision. Nor has the plaintiff alleged any facts for her retaliation claim to show that she engaged in protected opposition to discrimination and that a causal connection exists between

protected activity and her termination. Her complaints about being terminated for a prior unemployment benefit application and the fairness of the termination do not show any protected activity or any causal connection with her termination. While "[s]pecific facts are not necessary," at least some facts are. *Erickson v. Pardus*, 551 U.S. at 93. Simply put, the plaintiff's allegations are not enough to state plausible claims for relief under Rule 12(b)(6).

Typically, the court would afford a plaintiff proceeding *pro se* another opportunity to file a pleading with sufficient facts to set forth a plausible claim for relief. The court, however, finds this case does not deserve another chance at pleading. The court warned the plaintiff before her response about the insufficiency of her allegations. The court indulged the plaintiff by considering all allegations in her responses as involved in deciding the motion to dismiss. There is nothing to suggest that the plaintiff has any additional facts to allege in support of her claims. Instead, the plaintiff admitted that she has attached "[a]ll documents associated on the case." ECF# 14-2, p. 2. By all indications, granting leave to amend here would be futile. Thus, the court shall grant the defendant's motion to dismiss with prejudice the plaintiff's action for discriminatory and retaliatory termination of employment.

IT IS THEREFORE ORDERED that the defendant Titan's motion to dismiss for failure to state a claim for relief pursuant to Rule 12(b)(6) (ECF# 9) is granted, and the plaintiff's complaint is dismissed with prejudice.

Dated this 29th day of June, 2021, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge